# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TODOROV MITKO,<br>Petitioner,<br><br>v.<br><br>BUTLER COUNTY JAIL, *et al.*,<br>Respondents. | Case No. 1:17-cv-131<br><br>Barrett, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On February 27, 2017, petitioner, a prisoner currently at the Butler County Jail in Hamilton, Ohio, filed an incomplete, unsigned motion for leave to proceed *in forma pauperis* in connection with a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). On March 3, 2017, the undersigned issued a Deficiency Order requiring petitioner to pay the full filing fee or to submit a completed application and affidavit to proceed without prepayment of fees form within thirty (30) days. (Doc. 2). The Deficiency Order was returned to the Court on March 14, 2017, marked "return to sender not deliverable as addressed unable to forward." (Doc. 3).

On March 28, 2017, petitioner filed a copy of his prisoner trust fund account statement. (Doc. 4). However, because petitioner failed to provide a signed personal affidavit of indigence the Court issued a second Deficiency Order on April 7, 2017, requiring petitioner to either pay the full filing fee or submit a signed and complete *in forma pauperis* application within (30) days. (Doc. 5). Petitioner was advised "that his failure to comply with this Order will result in the dismissal of this action for want of prosecution." (*Id.* at PageID 21). On April 13, 2017, the Deficiency Order was again returned to the Court, marked return to sender. (*See* Doc. 6).

To date, more than thirty days after the Court's April 7, 2017 Deficiency Order, petitioner has failed to respond to or otherwise comply with the Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the Court's April 7, 2017 Deficiency Order this case should be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 5/10/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TODOROV MITKO,
Petitioner,

v.

BUTLER COUNTY JAIL, *et al.*,
Respondents.

Case No. 1:17-cv-131

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).